SRM

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br>Plaintiff/Respondent<br>-vs-<br>**Francisco Quinonez-Jimenez,**<br>Defendant/Movant | CR-05-1308-PHX-JAT<br>CV-06-0949-PHX-JAT (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Motion to Vacate, Set Aside, or**<br>**Correct Sentence Pursuant to**<br>**28 U.S.C. § 2255** |

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed an Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on April 27, 2006 (#16). On August 11, 2006, Respondent filed its Response (#28). Movant has not filed a reply.

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND

Movant's written Plea Agreement (#12), includes the following statement of factual basis:

> I am not a citizen or national of the United States. I was deported, excluded or removed  from Calexico, California, on April 30, 2001. I was voluntarily present and found in the United States at or near San Luis, Arizona on November 22, 2005. I did not obtain the express consent of the Secretary of the Department of Homeland Security to reapply for

admission to the United States prior to returning to the United States.

Furthermore, for sentencing purposes, I admit I was convicted of possession/sale of a controlled substance, a felony, on November 18, 1994, and I was represented by an attorney.  I was sentenced to three years prison.

(Plea Agreement, #12 at 8.)

## B. PROCEEDINGS AT TRIAL

A Complaint (#1) was filed on November 23, 2005, charging Movant with one count of attempted re-entry after removal, and one count of re-entry after removal.  Movant executed a Waiver of Indictment and consent to proceed by information (#4).  On December 8, 2005, an Information (#6) was filed charging Movant with a single count of re-entry after deportation in violation of 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(2).

Movant subsequently entered into a written Plea Agreement (#12) whereby he agreed to plead guilty to the sole count of the Information, in exchange for various agreements on sentencing.  Those agreements included a "three-level downward adjustment for acceptance of responsibility and an additional [four, two or one level] downward departure pursuant to U.S.S.G. 5K3.1," with the amount of downward departure dependent upon the severity of the offense as determined by the nature of Movant's prior aggravated felony convictions.  (Plea Agreement, #12 at 2-3.)  According to the Plea Agreement, the possible sentencing range was between 10 and 63 months.  (*Id.* at 2-3.)

The Plea Agreement included the following explicit waiver:

Defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the information or indictment, or the court's entry of judgment against defendant and imposition of sentence upon defendant, provided that the sentence is consistent with this agreement.  Defendant further waives: (1) any right to appeal the court's entry of judgment against him; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentenced under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.

(Plea Agreement, #13 at 4-5.)  It also contained the following representation by counsel:

> I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.  I have discussed the case and my constitutional and other rights with my attorney . . . I have been advised by my attorney on the nature of the charge to which I am entering my guilty plea.  I have further been advised by my attorney of the nature and range of the possible sentence . . .

(*Id.* at 6.)

Movant entered his guilty plea on December 8, 2005, before the undersigned magistrate judge.  (M.E. 12/8/5, #7.)  At that hearing, Movant represented his understanding of the plea agreement and its consequences as follows:

> THE COURT: Have you spoken to your lawyer through an interpreter?
> THE DEFENDANT: Yes (English).
> THE COURT: Have you understood everything he's told you?
> THE DEFENDANT: Yes (English).
> THE COURT : As far as you can tell, has he understood everything you've told him?
> THE DEFENDANT: Yes (English).
>                             * * *
> THE COURT: Mr. Quinonez, have you had enough time to fully and completely discuss your case with your lawyer?
> THE DEFENDANT: Yes (English).
> THE COURT: Are you satisfied with his representation in your case?
> THE DEFENDANT: Yes (English).
> THE COURT: Is there anything you think he should do that he hasn't done, or anything you want him to do that he hasn't done?
> THE DEFENDANT: No.
> THE COURT: Have you seen the Information charging you with re-entry after deportation?
> THE DEFENDANT: Yes (English).
>                             * * *
> THE COURT: Did you discuss it with your lawyer and have him answer all of your questions about it?
> THE DEFENDANT: Yes (English).
> THE COURT: Did you understand the charge?
> THE DEFENDANT: Yes (English).

(R.T. 12/8/5, #25 at 6-8.)

> THE COURT: ... Mr. Quinonez, I understand that there has been a plea agreement in your case.  Do you have your written plea agreement there in front of you?
> THE DEFENDANT: Yes (English).
>                             * * *
> THE COURT: And did you go over its terms with your lawyer and have him answer all of your questions about it to your satisfaction, before you signed it?
> THE DEFENDANT: Yes (English).

THE COURT: Did you understand it?
THE DEFENDANT: Yes (English).

(*Id.* at 11.)  The Court then reviewed the maximum possible sentence, the possible sentences under the guidelines and the plea agreement, and Movant represented to the Court that he understood those terms.  (*Id.* at 12-16.)

Acceptance of the plea was recommended (#8) and Movant appeared for sentencing on March 27, 2006, before District Judge Teilborg.  (M.E. 3/27/06, #10.)  Movant's plea was accepted and Movant was sentenced to a prison term of 30 months, with credit for time served, and three years supervised release.  (Judgment, #11.)

## C.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Motion** - Movant filed his original Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255  on April 3, 2006 (#13).  Movant's motion asserted a denial of equal protection arising from the denial of his access, as an alien, to sentence reductions through participation in drug programs and release to a half-way house.  That motion was dismissed with leave to amend on the basis that Movant had utilized an improper form.  (Order 4/17/06, #15.)

Movant filed the present Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255  on April 27, 2006 (#16).  Movant's motion asserts "he received ineffective assistance of counsel because counsel (1) failed to attempt to get a lower sentence, (2) 'was not effective towards my defense [sic], by way of entry of plea or trial,' (3) failed to communicate with him, and (4) did not understand the law or the consequences of the charge." (Order 5/10/6, #18 at 1.)  Service and an answer was ordered on May 10, 2006, and Movant was advised that he could "file a reply within thirty (30) days from the date of service of the answer."  (Order 5/10/06, #18.)

**Answer** - On August 11, 2006, Respondent filed its Response (#28), arguing that Movant has waived his right to file the instant Motion, and that in any event he received effective assistance of counsel.

1    **Reply** - Despite being advised in the service Order (#18) of his right to do so, Movant

2    has not filed a reply in support of his Motion.

3

4                        **III. APPLICATION OF LAW TO FACTS**

5           Respondents argue that Movant has waived his right to file the instant Motion to Vacate.

6    Movant's plea agreement included a waiver of his right to "collaterally attack defendant's

7    conviction and sentence under Title 28, United States Code, Section 2255, or any other

8    collateral attack." (Plea Agreement, #178 at 4.)  The present motion is just such a collateral

9    attack.

10          The Ninth Circuit regularly enforces "knowing and voluntary" waivers of appellate rights

11   in criminal cases, provided that the waivers are part of negotiated guilty pleas, see *United*

12   *States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994), and do not violate public policy, *see*

13   *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996) (cataloguing public policy

14   exceptions).  Similarly, the right to collateral review may be waived.   *See United States v.*

15   *Abarca,* 985 F.2d 1012, 1014 (9th Cir.1993). Such waivers usefully preserve the finality of

16   judgments and sentences imposed pursuant to valid plea agreements. *See Baramdyka*, 95 F.3d

17   at 843.

18          However, to be enforceable, such waivers must be made "knowingly and voluntarily."

19   *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994). Whether a particular waiver was

20   made "knowingly and voluntarily" is a determination made by looking to the circumstances

21   surrounding the signing and entry of the plea agreement. *See United States v. Bolinger,* 940

22   F.2d 478, 480 (9th Cir.1991).  The Supreme Court has stated that where "a defendant is

23   represented by counsel during the plea process and enters his plea upon the advice of counsel,

24   the voluntariness of the plea depends on whether counsel's advice was within the range of

25   competence demanded of attorneys in criminal cases. . . . [A] defendant who pleads guilty upon

26   the advice of counsel may only attack the voluntary and intelligent character of the guilty plea

27   by showing that the advice he received from counsel was [ineffective]." *Hill v. Lockhart,* 474

28   U.S. 52, 56-57 (1985) (internal quotation marks and citations omitted).

1    Here, Movant asserts that the advice from his counsel was ineffective in four regards,

2    i.e. that counsel: " (1) failed to attempt to get a lower sentence, (2) 'was not effective towards

3    my defense (sic), by way of entry of plea or trial,' (3) failed to communicate with him, and (4)

4    did not understand the law or the consequences of the charge."  (Order 5/10/6, #18 at 1.)

5    **Failures at Sentencing** - Movant asserts that trial counsel was ineffective at

6    sentencing.  Any ineffectiveness of counsel at sentencing would have occurred after the entry

7    of Movant's plea, and therefore would not have affected the voluntariness of his plea.

8    Accordingly, it would afford no basis for invalidating his plea or any waivers therein.

9    However, unlike claims arising prior to entry of a plea, claims arising after entry of the

10   plea, *i.e.* in the course of sentencing, are not waived by the mere fact of entering a guilty plea.

11   *See e.g. U.S. v. Reyes-Platero,* 224 F.3d 1112 (9th Cir. 2000).   On the other hand, the

12   defendant's rights to challenge any sentencing errors may be explicitly waived.  *See e.g. United*

13   *States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991).   Where a waiver specifically includes

14   the waiver of the right to appeal a sentence, then it also waives "the right to argue ineffective

15   assistance of counsel at sentencing." *U.S. v. Nunez,* 223 F.3d 956, 959  (9th Cir. 2000).

16   Here, Movant's agreement explicitly provided that movant waived: "any and all motions,

17   defenses, probable cause determinations, and objections which defendant could assert to . . .

18   the court's . . . imposition of sentence upon defendant, provided that the sentence is consistent

19   with this agreement." (Plea Agreement, #12 at 4.)[1]  Accordingly, Movant has waived his right

20   to collaterally attack his sentence, and to assert ineffective assistance of counsel at sentencing.

21   There are some flavors of errors at sentencing that are not waivable.  *See e.g. United*

22   *States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991) (sentence violates the terms of the plea

23   agreement); *United States v. Johnson,* 67 F.3d 200, 203 n. 6 (9th Cir.1995) ("sentencing error

24   could be entirely unforeseeable and therefore not barred"); *United States v. Jacobson,* 15 F.3d

25   19 (2nd Cir.1994) (sentencing disparity among co-defendants based entirely on race); *United*

26

27       [1]  The Plea Agreement also included a waiver of "(2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals)."  (Plea Agreement, #12 at 4.)  However, that provision is limited to the "right to appeal," and no explicit waiver of Movant's right to collaterally attack his

28   sentence is included in that part of the plea agreement.

1   *States v. Marin,* 961 F .2d 493, 496 (4th Cir.1992) (sentence in excess of maximum statutory

2   penalty or based on a constitutionally impermissible factor such as race).

3         Here, however, Movant simply states "I believe that my lawyer never tried to go lower

4   than 30 months." (Amended Motion, #16 at 4.) Movant does not elaborate further, and in

5   particular he offers no explanation of the basis on which counsel could have sought a lower

6   sentence. That is not sufficient to establish a claim for ineffective assistance. *See, e.g., James*

7   *v. Borg*, 24 F.3d 20, 26 (9th Cir.1994) ( "Conclusory allegations [of ineffective assistance of

8   counsel] which are not supported by a statement of specific facts do not warrant habeas relief."

9   ). *See also Stein v. U.S.*,  390 F.2d 625, 627 (9th Cir. 1968) ("[i]t is well-established that

10  mere conclusory allegations are not sufficient to warrant relief under a 2255 motion"); and

11  *Shah v. U.S.*, 878 F.2d 1156, 1161 (9th Cir. 1989) ("Mere conclusory allegations do not

12  warrant an evidentiary hearing.").

13        Accordingly, this Court must conclude that any claim of ineffective assistance of

14  counsel at sentencing is ineffective to void Movant's Plea Agreement, and is thus barred by the

15  waivers in that agreement.

16        **Ineffectiveness at Plea** - Movant states "Lawyer was not efficient toward's my

17  deffence [sic], by way of plea or trial." (Amended Motion, #16 at 4.) Movant does not explain

18  either the nature of the inefficiency nor its effect on his defense. This conclusory allegation

19  is insufficient to invalidate Movant's plea agreement or his waivers. *See, e.g., James*, 24 F.3d

20  at 26; *Stein*, 390 F.2d at 627; *Shah*, 878 F.2d at 1161.

21        **Lack of Communication** - Movant states "Lack of communication, only seen lawyer

22  on Court dates." (Amended Motion, #16 at 4.) Generally, claims of ineffective assistance of

23  counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to

24  prevail on such a claim, petitioner must show: (1) deficient performance, *i.e* that counsel's

25  representation fell below the objective standard for reasonableness; and (2) prejudice - that

26  there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

27  proceeding would have been different. *Strickland,* 466 U.S. at 687-88, 694. Although the

28  petitioner must prove both elements, a court may reject his claim upon finding either that

1    counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697.

2        Counsel undoubtedly has a duty communicate with his client. *See e.g. Florida v.*

3    *Nixon,* 543 U.S. 175 at 178 (2004) (duty to discuss potential strategies). However, a general

4    claim of limited communication is not sufficient to state a ground for relief.   "The petitioner

5    has not suggested any defect in trial counsels' performance that was the result of their

6    supposed inability to communicate. Even if there was no effective communication, the

7    petitioner has not made any showing of even the possibility of prejudice, a prerequisite for a

8    grant of habeas based on ineffective assistance of counsel." *Hutchins v. Garrison*, 724 F.2d

9    1425, 1430-31 (4th Cir. 1983).

10       **Failure to Explain Law and Consequences** - Movant states "Insufficient counsel due

11   to not understanding the law or the consequences of my charge." (Amended Motion, #16 at

12   4.) This conclusory allegation is not sufficient to support relief.

13       Movant offers no explanation of what more counsel could or should have done, to

14   insure Movant's understanding of the plea.  Further, Movant represented to the Court that

15   counsel had advised him and that he understood the consequences of the charges against him.

16   He did so in the Plea Agreement (#12 at 2-3 (listing maximum penalties, and agreements on

17   possible sentencing ranges), and at 6 (advice by counsel)), and at the change of plea hearing

18   (R.T. 12/8/5, #25 at 12-16).  Although plea hearings are not always perfect nor uniformly

19   invulnerable to subsequent challenge, a defendant's representation at a plea hearing carries a

20   strong presumption of truthfulness. *See e.g. Blackledge v. Allison,* 431 U.S. 64, 74 (1977).

21       Moreover, where a defendant alleges that his plea resulted from ineffectiveness of

22   counsel, the defendant must prove he was prejudiced from that ineffectiveness by

23   demonstrating a reasonable probability that but for his attorney's errors, he would not have

24   pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58-59

25   (1985).  The defendant must show "that but for counsel's errors, he would either have gone to

26   trial or received a better plea bargain." *U.S. v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004).

27   Movant makes no such allegations.  Moreover, given the considerable benefits of sentencing

28   provided for under the terms of the plea agreement, and the relatively straightforward burden

1   of proof in an illegal re-entry case, the undersigned would find any such allegations highly

2   suspect.

3        Movant's conclusory allegations establish neither deficient performance by counsel in

4   counseling Movant on the law and consequences of his plea, nor prejudice from any such

5   deficiency.

6        **Conclusion** - Based on the foregoing, this Court must find that Movant's plea was

7   entered knowingly and voluntarily, and that Movant has, under the terms of his written plea

8   agreement,  effectively waived his right to file the instant motion.

9

10                              **IV.  RECOMMENDATION**

11        **IT IS THEREFORE RECOMMENDED** that the Movant's Amended Motion to

12   Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed April 27, 2006

13   (#16) be **DISMISSED WITH PREJUDICE**.

14

15                           **V. EFFECT OF RECOMMENDATION**

16        This recommendation is not an order that is immediately appealable to the Ninth Circuit

17   Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate*

18   *Procedure*, should not be filed until entry of the district court's judgment.  However, pursuant

19   to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the

20   date of service of a copy of this recommendation within which to file specific written

21   objections with the Court.  *See also* Rule 10, Rules Governing Section 2255 Proceedings.

22   Thereafter, the parties have ten (10) days within which to file a response to the objections.

23   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge

24   will be considered a waiver of a party's right to *de novo* consideration of the issues.  *See*

25   *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

26

27   DATED: September 26, 2006

                                    _____
                                         JAY R. IRWIN
28                                    United States Magistrate Judge